UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12005-RGS

DEAN F. HATCH and
MARY L. HATCH

v.

TRAIL KING INDUSTRIES, INC.

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

April 20, 2010

STEARNS, D.J.

Dean Hatch, a delivery driver for Advanced Drainage Systems, Inc. (ADS), suffered permanent spinal cord injuries when he was struck by a collapsing 900 pound trailer gate (and a load of pipe) during the unloading of an ADS truck in Hyannis, Massachusetts on February 1, 2007. Hatch and his wife Mary brought this products liability action against defendant Trail King Industries, Inc., the manufacturer of the trailer, claiming that the hydraulic system on the trailer's gate was defectively designed.[1] Plaintiffs' expert points to simple and inexpensive alternative designs, which could have averted the accident.

Before the court is Trail King's motion for summary judgment and the Hatches' cross-motion for partial summary judgment. Trail King maintains that ADS was the sole designer of the trailer, while it (Trail King) was merely the fabricator. As a result, Trail King argues that the breach of warranty and negligence claims, which are both premised on a claim of defective design, fail as a matter of law. Moreover, Trail King asserts that

---

[1]The Amended Complaint alleges negligence and breach of warranty. A loss of consortium claim is also brought against Trail King on behalf of Mary Hatch.

plaintiffs' remaining claims, which are based on a failure to warn, are precluded by the "sophisticated user" doctrine.[2] Plaintiff's for their part contend that Trail King at least "participated" in drawing up the design, and even were that not true, as the merchant-seller of the trailer, Trail King cannot disclaim liability under the implied warranty of merchantability.

The Hatches in support of their cross-motion for partial summary judgment assert that Trail King's Rule 30(b)(6) witnesses have conceded the elements of the breach of implied warranty claim, that is, that "the subject trailer is defective in design because Dean Hatch's accident could have been avoided with Trail King's addition of reasonable alternative designs." At the motion hearing, the Hatches' counsel insisted that a defect which permitted the gate to fall because of a failed hydraulic system "rendered the trailer not reasonably safe," and that under Mass. Gen. Laws ch. 106, § 2-316A, even if ADS were merely a fabricator (which the Hatches dispute), it cannot exclude liability. See Pls. Summ. J. Mem. at 18.

This argument is based on a misassumption. The limitation on exclusion of liability set out in Mass. Gen. Laws ch. 106, § 2-316A, applies only to consumer purchases and

---

[2]It is highly doubtful that Dean Hatch was a sophisticated user of the trailer, but the issue appears to be in dispute. The "sophisticated user" doctrine describes an affirmative defense under which there is no duty to warn an "end user" of a product's latent characteristics or dangers when the user knows or reasonably should be aware of these dangers. Carrel v. Nat'l Cord & Braid Corp., 447 Mass. 431, 441 (2006). This doctrine applies when the user appreciates (or should appreciate) any danger to the same extent as a warning would provide. See Taylor v. Am. Chem. Council, 576 F.3d 16, 25, 28 (1st Cir. 2009), quoting Knowlton v. Deseret Med., Inc., 930 F.2d 116, 120 (1st Cir.1991) (applying Mass. law). In applying the doctrine, it is the "end users sophistication that matters." See Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 614-615 & n.4 (1989).

not to commercial sales between businesses. See Theo & Sons, Inc. v. Mack Truck, Inc., 431 Mass. 736, 738 n.2 (2000), citing Jacobs v. Yamaha Motor Corp., U.S.A., 420 Mass. 323, 327-328 (1995) ("[F]or purposes of § 2-316A, consumer goods are those bought for personal, family or household uses."). Moreover, the evidence regarding the extent of ADS's involvement in the design of the trailer is, as the Hatches contend, disputed. While an ADS manager testified that the drop-side trailer in question is a "specialty design," Moffit Dep. 9-12, this does not amount to undisputed proof that ADS dictated specifications to Trail King or, if it did, whether Trail King followed them. (The Hatches' expert claims that Trail King made numerous changes to the Dakota/ADS design). See Pl. Ex. 2, at 28. While a 1988 internal ADS memorandum states that the "ADS Material Handling Committee" had developed trailer "specifications," this does not establish that the specifications were "precise and complete," as the exclusion of an implied warranty requires.[3] See Commonwealth v. Johnson Insulation, 425 Mass. 650, 654-655 (1997). See also Cumberland Farms, Inc. v. Drehmann Paving & Flooring Co., 25 Mass. App. Ct. 530, 535 (1988), quoting Mass. Gen. Laws ch. 106, § 2-316, comment 9 ( "The situation in which the buyer gives precise and complete specifications to the seller . . . is a frequent circumstance by which the implied warranties may be excluded.").

As for the Hatches' cross-motion, there are similar disputes regarding Trail King's design responsibilities both before and after 1994. For example, ADS had an ongoing

---

[3] The ADS memorandum states that "an outside flatbed manufacturer will build the N-12 trailers using the Material Handling Committee's trailer design." Trail King has not produced the "plans" for the trailer, it points only to invoices that refer to "revised drawings in process." See Def. Ex. H.

business relationship with Trail King, and there is evidence that ADS had sought Trail King's advice about safety retrofitting of the trailers prior to Dean Hatch's accident. There is also an issue as to whether poor maintenance practices on the part of ADS might have been the proximate cause of the accident.[4]

The vigorous briefing and argument illustrates the need for a jury's resolution of the disputes of fact.  See Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 630 (2001) ("[T]he sophisticated user doctrine allows the fact finder to determine that no such duty was owed."); Simmons v. Monarch Mach. Tool Co., Inc., 413 Mass. 205, 211 (1992), abrogated on other grounds by Vassallo v. Baxter Healthcare Corp., 428 Mass. 1 (1992) (issue of whether in negligent design claim risk was reasonably foreseeable "is almost always for the jury."); Christopher v. Father's Huddle Café, Inc., 57 Mass. App. Ct. 217, 219 (2003) (stating that "issues of negligence and causation are most appropriately left to the jury.").

## ORDER

For the foregoing reasons, Trail King's motion for summary judgment is DENIED. Similarly, the Hatches' cross-motion for partial summary judgment is DENIED. A trial in this matter will commence on July 19, 2010, at 9:00 a.m. in Courtroom 21 of the Moakley Courthouse. The Clerk will issue a pretrial order in the ordinary course.

---

[4]On January 30, 2007, another ADS driver, Deon Goines, experienced a solenoid failure while making a delivery. To make the return to Ludlow, Goines enlisted the customer's assistance in forcing the trailer's gate closed with a forklift. This required him to disconnect a hydraulic hose which led to a loss of hydraulic fluid. Goines returned the trailer to ADS mechanics who replaced the solenoid, but did not replenish the hydraulic fluid.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE